## Grant W. Goodwine, by his Conservator, v. John J. Acton.

1. INFANCY—*Burden of Proof on the Party Pleading it.*—Where a party files a plea of infancy, he assumes the burden of proving his plea by a preponderance of the evidence.

Assumpsit.—Appeal from the Circuit Court of Vermilion County; the Hon. FERDINAND BOOKWALTER, Judge, presiding. Heard in this court at the May term, 1901. Affirmed. Opinion filed September 11, 1901.

D. D. EVANS and G. M. MCDOWELL, attorneys for appellant.

KEESLAR & ACTON, attorneys for appellee.

MR. JUSTICE WRIGHT delivered the opinion of the court.

This suit originated by the confession of a judgment upon a note and warrant of attorney against appellant for $2,600, and $200 attorney fee. Afterward upon appellant's motion he was permitted by the court to defend against the note, and he then filed pleas of infancy, fraud, and part failure of consideration. A trial by jury ended in a verdict for $2,398.60, and upon overruling a motion for a new trial, the court credited the original judgment down to the amount of the verdict, and to reverse this, the appeal is brought here.

There are no valid objections to the instructions and no prejudicial rulings upon the evidence. Appellant assumed the affirmative at the trial to prove his special pleas by a preponderance of the evidence. The consideration of the note was three other notes, given by appellant to appellee, in the aggregate $2,600. If appellant's testimony was believed, he owed but a little over $800. Appellee remembered items going to make up the old notes of over $1,600; he did not remember the amount of interest that was figured into them, but knows that interest did enter into them. Upon the whole evidence we are not disposed to disturb the verdict. The three notes combined were alone *prima facie* a sufficient consideration for the new note, and the burden was upon the appellant to show by a preponderance of the evidence he did not owe them. The witnesses were before the jury, where their credibility could be tested in ways that are not open to us, and we are unwilling, in view of the whole evidence, to say that the jury were not warranted in their finding. There was no evidence to sustain the pleas of infancy or fraud and the judgment will be affirmed.